UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————

N⁰ 08-cv-5123 (JFB)(GRB)

———————————————

DEBBIE L. PARRIS,

Plaintiff,

VERSUS

ACME BUS CORP.,

Defendant.

———————————————

**ORDER ADOPTING REPORT AND RECOMMENDATION**
July 9, 2013

———————————————

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Debbie L. Parris ("plaintiff" or "Parris") brought this action against Acme Bus Corp. ("defendant"), alleging race discrimination, a hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Defendant subsequently filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

On August 31, 2012, Magistrate Judge Brown issued a Report and Recommendation ("R&R) recommending that defendant's motion for summary judgment be granted in its entirety and that plaintiff's complaint be dismissed. Plaintiff subsequently submitted her objections to the R&R's conclusion.

For the reasons that follow, having considered the parties' submissions, as well as having reviewed the entire R&R *de novo* (with plaintiff's objections), the Court adopts Magistrate Judge Brown's thorough and well-reasoned R&R in its entirety.

I. PROCEDURAL HISTORY

Plaintiff filed her complaint on December 19, 2008. Defendant answered on April 17, 2009. On December 30, 2011, defendant filed a motion for summary judgment. Following several requests for extensions of time, plaintiff filed two letters with the Clerk's Office on March 12, 2012, one dated January 31, 2007, and the other, March 9, 2012. On March 30, 2012, defendant filed its reply in further support of its motion. By Order dated April 5, 2012, the Court referred the motion for summary judgment to Magistrate Judge Brown for a Report and Recommendation.

On August 31, 2012, Magistrate Judge Brown issued an R&R, recommending that defendant's motion for summary judgment be granted in its entirety. On September 21, 2012, plaintiff submitted a letter requesting an extension of time in which to file her objections to Magistrate Judge Brown's R&R on the grounds that she needed to retain an attorney. By Order dated September 25, 2012, this Court deferred its ruling on the R&R, ordering instead that the case be stayed – and administratively closed during the stay – until plaintiff submitted a written request, upon which it would be reopened. The Order further required plaintiff to submit a letter, no later than October 31, 2012, advising the Court as to whether she had retained an attorney, and if not, the reasons for the continued delay.

Plaintiff failed to submit a letter by the October 31, 2012 deadline. Accordingly, on November 27, 2012, the Court issued an Order stating that, no later than December 12, 2012, plaintiff was to provide the Court with a letter regarding the status of the case, and also, the reasons as to why she had failed to submit any correspondence regarding the retainer of an attorney. Plaintiff submitted a letter on December 17, 2012, stating that she had not been able to retain counsel due to her unemployment status and the cost of counsel.

On January 4, 2013, this Court held a telephone conference with the parties, at which time plaintiff was instructed to file her objections with the Court no later than February 18, 2013, with defendant's opposition papers due on March 11, 2013. Plaintiff failed to submit her objection by the deadline.

Accordingly, on March 11, 2013, defendant submitted a letter requesting that the Court adopt Magistrate Judge Brown's R&R in its entirety. On April 10, 2013, plaintiff submitted a letter apologizing for her failure to have filed her opposition papers according to the Court's Order. The Court subsequently ordered plaintiff to submit her objection papers by hand to the Clerk's Office no later than May 3, 2013. Plaintiff did so on May 8, 2013. On May 31, 2013, defendant submitted its opposition to plaintiff's objections. The Court has fully considered the parties' submissions *de novo*.

II. STANDARD OF REVIEW

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *Santana v. United States*, 476 F. Supp. 2d 300, 302 (S.D.N.Y. 2007); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon*, 10-CV-2686 (JFB)(AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the

magistrate judge with instructions.").

III. PLAINTIFF'S OBJECTIONS

Plaintiff objects to the R&R regarding its recommendation that the Court grant defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure because (1) plaintiff did not establish a *prima facie* case that defendant discriminated against her on account of her race, and (2) plaintiff failed to provide evidence rebutting defendant's legitimate, non-pretextual reason for terminating plaintiff.

Plaintiff submits various forms of evidence in objection to Magistrate Judge Brown's findings. (*See generally* Pl.'s Objections.) However, this evidence does not support an inference of discrimination, nor does it establish a genuine issue as to any material fact. Stated differently, plaintiff does not point to any evidence which undermines the factual or legal conclusions reached by Magistrate Judge Brown in his R&R. Instead, plaintiff calls the Court's attention to a host of exhibits that do not serve to further her position in this case. As Magistrate Judge Brown correctly concluded after a thorough review of the record, plaintiff has set forth no evidence that her termination from defendant's employ was motivated by her race. Rather, the uncontroverted evidence shows that plaintiff was terminated because of her unexcused, eleven-day absence from work. In short, given the uncontroverted facts in the record, no rational jury could find that defendant held a discriminatory motive when it terminated plaintiff following her near two week absence from work.

The same holds true for any possible additional claims that plaintiff asserts in her pleadings, including a hostile work environment claim or retaliation claim. Regarding each potential claim, as to the former, plaintiff fails to direct the Court to any evidence indicating (nor does the uncontroverted evidence in the record reflect) that defendant's work environment was hostile, or that plaintiff was subjected to a hostile environment on account of her race. As to the latter, the only complaints for which plaintiff claims she suffered retaliation concerned co-workers' alleged discrimination against third-party passengers, and the law in this Circuit is clear that such a complaint (assuming *arguendo* that plaintiff offered evidence supporting this) is not cognizable under Title VII. *See*, *e.g.*, *Wimmer v. Suffolk Cnty. Police Dep't*, 176 F.3d 125, 135 (2d Cir. 1999) (stating that a "complaint of retaliation for opposing discrimination by co-employees against non-employees is" not cognizable under Title VII because it is not "directed at an unlawful *employment practice* of [the] employer").

The Court has conducted a *de novo* the R&R in its entirety, and it adopts the R&R in all respects.

IV. CONCLUSION

Having conducted a *de novo* review of the R&R, and having considered the parties' additional submissions, the Court adopts the R&R, recommending that defendant's motion for summary judgment be granted, in its entirety. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: July 9, 2013
      Central Islip, NY

\* \* \*

The plaintiff proceeds *pro se*. Defendant is represented by Alan B. Pearl of Portnoy, Messinger, Pearl & Associates, PC, 6800 Jericho Turnpike, Suite 218E, Syosset, NY 11791, John K. Diviney, Rivkin Radler LLP, 926 RXR Plaza, Uniondale, NY 11556, and Gina Ianne Grath, Alan B. Pearl & Associates, 6800 Jericho Turnpike, Suite 218€, Syosset, NY 11791.